GARSAUD, Judge,
dissenting.
I respectfully dissent. I do not believe the plain language of the statute includes so-called fast-food restaurants. As a tax statute, it must be narrowly construed against the taxing power. Higgins, Inc. v. Walker, 129 So.2d 840, La.App. (1961); 82 C.J.S. Statutes § 396b (1953). Whether “store” as consistently used in the chain store tax provisions since 1932 means fast- *1027 food restaurant when food is consumed on the premises is sufficiently doubtful enough to construe it against the taxing authority. This is especially so when in two recent enactments, Act 706 of 1974 and Act 487 of 1975, the legislature had an opportunity to delineate clearly the statute’s applicability to the fast-food restaurant and failed to do so.
Further, the 1975 amendment did change the language of the 1974 Act by requiring that the taxpayer “[be] commonly recognized as a member of a chain and as a branch store.” (Emphasis supplied.) The prior Act used the disjunctive “or.” Clearly, being part of a “chain” is not enough. The taxpayer also must be “a branch store.”
In my opinion, there is sufficient ambiguity surrounding the applicability of “store” to a fast-food restaurant that the legislature should have the burden of clarification to include another type of taxpayer. Enumerating taxpayers is a legislative function, not a judicial one.